Weight, J.,
delivered the opinion of the Court.
This is a bill to set aside a deed of conveyance of a tract of land, executed by Jane Epperson to the defendant, Archibald McCoy, on the ground that he imposed upon her, and obtained the deed by fraud.
She is dead, and the complainants, with defendant, Margaret, the wife of McOoy, are her heirs at law.
, The Chancellor was of opinion that complainants were *105 entitled to relief, and so decreed; and in this opinion we concur.
It is a rule in equity, that although a contract made by a man of sound mind and fair understanding will not be set aside merely from its being a rash, improvident, or hard bargain; yet, if the same contract be made with a person of weak understanding, arising from the infirmity of extreme old age, or other cause, there does arise a natural inference that it was obtained by fraud, or circumvention, or undue influence. And a degree of weakness of intellect far below that which would justify a commission of lunacy, coupled with other circumstances, to show that the weakness, such as it was, had been taken advantage of, will be sufficient to set aside an important deed. 1 Story’s Eq., secs., 234-237.
Testing the case by these principles, how does it stand ? Notwithstanding the defendants’ statement, in their answer, that they paid Jane Epperson $500, the consideration expressed in the deed as the price of the land, and the care they have taken to prove it by the attesting witnesses to the deed, and by others, and though they deny that they re-possessed themselves of this money again, and withheld it from her, yet we are satisfied the answer is, in this respect, untrue. Jane Epperson was a childish old woman, nearly eighty years of age, with enfeebled intellect, and unable, as we think, to guard herself against imposition, or to resist importunity, or undue influence. The only estate of any value which she possessed was this tract of land — one hundred acres. It was her home. She conveys it to her son-in-law, McCoy, and thus deprives herself of all she had. No reason is assigned for the act. Why she should make this conveyance to the defendant, McCoy, at the expense of other kindred, children and grandchildren, nowhere appears. The consideration recited, but in reality not paid, is only $500. — when we are satisfied the land was then worth $700, and that it is now of the value of $1200. Though the deed is formally executed and attested, the contract itself seems to have been made in secret. No witness knows or heard what lead to it. Its terms, or the *106 motives to it, are not stated by the said Jane, or the defendants, to any one whatever. Prudence, not to say fairness, required at the hands of defendants that some respectable persons should have been made acquainted with this transaction, in order that the rights of this old lady might be protected. But this w'as not done. We are impressed with the belief, from the proof, that she was made ready for this conveyance by the Aviles of the defendant, Margaret; that the deed was prepared at the house of defendant, and that she was then sent for, and executed it. Great pains are taken to have the deed executed and the money paid in the presence of witnesses, so as to give the transaction the appearance of a sale. But, in reality, it was not a sale. It would seem that there was an agreement betAveen Jane Epperson and defendants that the money should be restored to them, since this was actually done, very soon after the making of the deed, and no note, bond, or other instrument, to account for it, taken by her or them. And when defendant, McCoy, is charged with having made such an agreement, he does not deny it. If this be so, it is palpable that defendants entered into a scheme to possess themselves of the estate of this old lady, without making her any payment for it; and that they have succeeded in effecting it.
With these facts before us, it is difficult to resist the conclusion that this deed is fraudulent. If fair, the transaction was certainly capable of a more satisfactory explanation, and it was incumbent upon defendants to furnish it.
The decree of the Chancellor avíII be affirmed.